■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. THOMAS SAVINO, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered October 26, 1971, convicting him of robbery in the first degree, upon a guilty plea, and sentencing him to a prison term of a maximum of four years. Judgment reversed as to the sentence, on the law and in interests of justice (CPL 470.15, subd. 2, par. [d], and case remitted to the Criminal Term for resentence in accordance with the views herein set forth. Appellant was examined by the Narcotics Addiction Control Commission and found to be an addict. His codefendant's probation report (which includes references to appellant) states that the finding as to appellant followed a February 1, 1971 NACC examination. Appellant came up for sentencing on October 26, 1971. The record indicates that the Criminal Term, defense counsel and the district attorney believed that NACC commitment was the proper sentence if the program were available. It is also apparent that all parties understandably were under the impression that the NACC alternative was not available to appellant because NACC had ceased taking addicted convicted adult felony defendants. The nonavailability of NACC to appellant is not established in this record, other than by colloquy. The NACC examina-

tion of appellant was prior to the closure by NACC. The Probation Department file contains a November 18, 1971 post-sentence letter from NACC to the sentencing court that NACC would accept appellant due to the special circum-. stances outlined therein. It is our opinion that, inasmuch as the matter is in the appellate process, it would be a miscarriage of justice to overlook the NACC letter. Under the circumstances, the matter is remanded for resentence (cf. *People* v. *Bennet,* 39 A D 2d 320). Hopkins, Acting P. J., Latham, Shapiro, Gulotta and Christ, JJ., concur.